UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | No. **CR-18-497-PHX-NVW** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | September 25, 2018 |
| **Robert Lee Jose,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE:   THE HONORABLE MICHELLE H. BURNS, MAGISTRATE JUDGE**

**TRANSCRIPT OF PROCEEDINGS**

**CHANGE OF PLEA**

**APPEARANCES:**
For the Plaintiff:
    U.S. Attorney's Office
    By:  **Raynette Logan**, Esq.
    40 North Central Avenue, Suite 1800
    Phoenix, Arizona 85004

For the Defendant:
    Federal Public Defender's Office
    By:  **Zachary D. Cain**, Esq.
    850 West Adams Street, Suite 201
    Phoenix, Arizona 85007

Transcriptionist:
Candy L. Potter
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

1        THE CLERK:  On the record in CR-18-497, Robert Lee
2  Jose.  Before the Court for a change of plea.
3        MS. LOGAN:  Good afternoon, Your Honor, Raynette Logan
4  for the United States, with Detective Cable Johnson from the
5  Gila River Police Department.
6        THE COURT:  All right.  Good afternoon, Miss Logan.
7        And Detective Johnson.
8        MR. JOHNSON:  Good afternoon.
9        MR. CAIN:  And good afternoon, Your Honor, Zach Cain
10  on behalf Mr. Jose.  He is present.
11        THE COURT:  Good afternoon, Mr. Cain.
12        Good afternoon, Mr. Jose.
13        THE DEFENDANT:  Good afternoon.
14        THE COURT:  Mr. Jose, it's my understanding you're
15  here this afternoon to plead guilty pursuant to a Plea
16  Agreement you've entered into with the Government.
17        Before we get started though I do need to tell you
18  that you do have the right to plead guilty before a district
19  judge.  I am a magistrate judge. District judges, they are, in
20  effect, higher judges than magistrate judges.  They're
21  appointed by the President of the United States.  And
22  magistrate judges, we are selected by those district judges to
23  serve this court.
24        I don't have the authority without your consent to
25  preside over this proceeding.  But, Mr. Jose, it looks like you

1  have given that consent by signing this form.
2           Is this correct?
3           THE DEFENDANT:  Yes, ma'am.
4           THE COURT:  All right.  Thank you.
5           I'm now going to have my courtroom deputy over here
6  place you under oath.  And the reason for that is, I'm going to
7  be asking you lots of questions.  It's very important that you
8  answer these questions truthfully.  If you were to lie under
9  oath, the Government could charge you with the crime of perjury
10 or making a false statement.
11          THE CLERK:  Raise your right hand.
12     (The defendant is sworn.)
13          THE CLERK:  Thank you.
14          THE COURT:  Now, Mr. Jose, is your true and complete
15 name Robert Jose -- or Robert Lee Jose?
16          THE DEFENDANT:  Yes, ma'am.
17          THE COURT:  How old are you, sir?
18          THE DEFENDANT:  Thirty.
19          THE COURT:  How far did you go in school?
20          THE DEFENDANT:  I have my G.E.D.
21          THE COURT:  And since getting your G.E.D. have you
22 taken any college or trade courses?
23          THE DEFENDANT:  No.  I was a carpenter apprentice.
24          THE COURT:  Carpenter apprentice?
25          I'm having a little trouble hearing you.  Perhaps you

1      could step closer to the microphone.
2              THE DEFENDANT:  I was a carpenter apprentice.
3              THE COURT:  And, Mr. Jose, within the past two days
4      have you taken any prescription medication, drugs of any kind,
5      or anything that could interfere with your ability to
6      understand what's being said here?
7              THE DEFENDANT:  No, just my prescribed diabetes
8      medication.
9              THE COURT:  And what is the prescription for?
10             THE DEFENDANT:  Metformin for diabetes, and lisinopril
11     for high blood pressure.
12             THE COURT:  Anything about those medications that
13     causes you to not be able to think clearly?
14             THE DEFENDANT:  No, Your Honor.
15             THE COURT:  Have you ever been treated for a mental
16     illness or serious emotional disorder?
17             THE DEFENDANT:  No, ma'am.
18             THE COURT:  Mr. Cain, do you have any reason to
19     believe Mr. Jose is not competent to proceed?
20             MR. CAIN:  No, Your Honor.
21             THE COURT:  Before we discuss the Plea Agreement, is
22     the Government in compliance with the Victim Rights Act?
23             MS. LOGAN:  Yes, Your Honor.
24             THE COURT:  So, Mr. Jose, I am looking at a Plea
25     Agreement here that is nine pages long.  It looks like you

1  signed it on page 8.  I'm going to hold up that page here.
2           If you can see that, is that indeed your signature?
3           THE DEFENDANT:  If it's the one I just signed, it's my
4  signature.
5           THE COURT:  Well, let me -- if you don't mind,
6  Mr. Cain, could you approach and have him look at that?  I
7  don't know if he just signed it or not, but I want to make sure
8  that is your signature.
9           THE DEFENDANT:  Yes, that's my signature.
10          THE COURT:  All right.  And before you signed that
11 Plea Agreement, did you read it?
12          THE DEFENDANT:  Yes, ma'am.
13          THE COURT:  Every page?
14          THE DEFENDANT:  Yes, ma'am.
15          THE COURT:  Do you feel you understand this Plea
16 Agreement?
17          THE DEFENDANT:  Majority of it, yes, ma'am.
18          THE COURT:  All right.  You say the "majority of it."
19 There are parts of it you feel you don't understand?
20          THE DEFENDANT:  Just the -- whatever the legal words
21 are on there, like the federal S-F-E-D or C-R-I-M, stuff like
22 that.  But majority of it under the plea I agree with it.
23          THE COURT:  Okay.  I probably will ask you this
24 question again throughout this process because I will be going
25 over the Plea Agreement with you.  I won't be going over every

1  paragraph, but if you would just pay attention, and if there's
2  something I don't cover that's in this Plea Agreement that you
3  want me to explain further, or you feel you don't understand,
4  will you let me know that?
5          THE DEFENDANT:  Yes, ma'am, I will.
6          THE COURT:  All right.  Now did you have enough time
7  to discuss this Plea Agreement with Mr. Cain, and did he answer
8  all your questions about it?
9          THE DEFENDANT:  Yes, ma'am, we have.
10         THE COURT:  Is anyone forcing you or threatening you
11 to plead guilty here today?
12         THE DEFENDANT:  No, Your Honor.
13         THE COURT:  Have any promises been made to you in
14 order to get you to plead guilty here today?
15         THE DEFENDANT:  No, Your Honor.
16         THE COURT:  It says that you're going to plead guilty
17 to Count 1 -- or a lesser included charge of Count 1 of the
18 Indictment, and that is voluntary manslaughter.
19         Do you understand this charge against you?
20         THE DEFENDANT:  Yes, ma'am.
21         THE COURT:  Now, Mr. Jose, this crime carries a
22 maximum possible sentence of 15 years in prison.  A fine of up
23 to $250,000 could also be imposed.  A term of supervised
24 release would follow upon your release from prison, and that
25 supervision could last as long as three years.  Also, the law

1    requires the payment of a $100 special assessment.
2            Do you feel you understand the penalty the law
3    provides for this crime?
4            THE DEFENDANT:  Yes, ma'am.
5            THE COURT:  Also you'd be required to make
6    restitution to any victim that suffered an economic loss as a
7    result of your having committed this crime.  And, in fact, you
8    have agreed to make restitution.  It does not say how much
9    that will be, it only says that it will not be more than
10   $500,000, and it will be determined by Judge Wake at your
11   sentencing.
12           Do you understand this?
13           THE DEFENDANT:  Yes, ma'am.
14           THE COURT:  Now, Judge Wake, in deciding what your
15   sentence will be, Mr. Jose, he's required to consider the
16   United States Sentencing Guidelines, among other factors.
17   These guidelines though, they are only advisory, meaning he's
18   free to reject them and impose any reasonable sentence up to
19   the maximum.  He could also depart upward or downward from the
20   guideline range.  And in determining your sentence he's
21   required to consider such things as your personal
22   characteristics and the circumstances of this offense.
23           Do you understand all of this?
24           THE DEFENDANT:  Yes, ma'am.
25           THE COURT:  Now, you -- it appears that you do not

1  have a sentencing agreement as to your sentence, which means
2  that your attorney and the Government are free to argue to
3  Judge Wake that he impose any sentence that they feel is
4  appropriate.
5          Do you understand this?
6          THE DEFENDANT:  Yes, ma'am.
7          THE COURT:  Also, to the extent you are ordered to pay
8  restitution or any other financial assessments, it says here
9  that while in prison you would be required to participate in
10 the financial -- the financial litigation -- I'm sorry, the
11 Inmate Financial Responsibility Program, and also any per
12 capita payments you may receive as a member of a Native
13 American tribe, that would also go toward the payment of any
14 unpaid financial obligations.
15         Do you understand this as well?
16         THE DEFENDANT:  Yes, ma'am.
17         THE COURT:  All right.  Mr. Cain, do you wish to place
18 any guideline advice on the record?
19         MR. CAIN:  No, ma'am.
20         THE COURT:  So, Mr. Jose, your attorney has done his
21 best to predict ultimately what your guideline calculation and
22 sentence will be, and that is based upon his experience in
23 these cases and his knowledge of the facts in your case.
24         But what he has told you is an -- and as he has told
25 you, it is a prediction, not a guarantee.  And the reason for

1    that is -- well, there's many reasons.  But one, the guidelines

2    are complicated.  And number two, to the extent there are

3    guideline issues that must be decided, whether that is your

4    offense level, what adjustments might apply, whether or

5    not -- or what your criminal history category is, any guideline

6    issue that is outstanding will be decided by Judge Wake at your

7    sentencing.

8             Do you understand this?

9             THE DEFENDANT:  Yes, ma'am.

10            THE COURT:  If I do recommend to him that your guilty

11   plea be accepted, once he accepts it, after that you won't be

12   permitted to withdraw your guilty plea unless you can

13   demonstrate a fair and just reason for doing so.

14            And if he accepts your guilty plea and then you are

15   sentenced pursuant to this Plea Agreement, there is a paragraph

16   in your Plea Agreement entitled Waiver of Defenses and Appeal

17   Rights.  And what that tells you is that you have given up any

18   right to challenge this charge against you, and you've given up

19   your right to appeal.

20            Normally a person who is convicted of a crime would

21   have the right to challenge their judgment and sentence to a

22   higher court on appeal, and may even have the right to come

23   back in this court to challenge that judgment and sentence in

24   what we call a collateral proceeding.  But in your case in this

25   agreement you've given up these rights.

1           Do you understand this?

2           THE DEFENDANT:  Yes, ma'am.

3           THE COURT:  Now, once you complete your sentence you
4  will then be placed upon a period of supervised release which
5  is like probation, in that you'll be required to follow certain
6  conditions that the Court imposes.

7           Do you understand if you were then to violate any of
8  those conditions you could be sent back to prison for that
9  violation?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  Now, as a person accused of a crime you
12  have certain rights that are guaranteed to you by the United
13  States Constitution.  I'm going to go over some of those with
14  you.

15          You have the right to be represented by an attorney at
16  no cost to you throughout your case.

17          Have you been satisfied with the work your lawyer has
18  done for you?

19          THE DEFENDANT:  Yes.

20          THE COURT:  If you didn't plead guilty here today
21  you'd have the right to go to trial, and you would have the
22  right in your case to have a jury trial on this charge.

23          And a jury trial is the random selection of 12
24  citizens from this District.  You and your attorney could help
25  pick the jury, and you couldn't be convicted of this crime

1   unless all 12 of those jurors voted to find you guilty.

2            Mr. Jose, what the Government would have to prove in
3   your case at your trial to convict you of this crime is as
4   follows:  That on or about March 28, 2018, within the external
5   boundaries of the Gila River Indian Community in the District
6   of Arizona:

7            That you unlawfully killed an individual identified by
8   the initials T.R.J. while in a sudden quarrel or heat of
9   passion caused by adequate provocation.

10           That you killed T.R.J. recklessly with extreme
11  disregard for human life.

12           And that you were an Indian at the time of the killing
13  as defined by federal law.

14           And that is what the Government would have to prove if
15  you went to trial to convict you of this crime.

16           Do you understand this?

17           THE DEFENDANT:  Yes, ma'am.

18           THE COURT:  Now you'd also have the right at this
19  trial to confront and examine any witness who might testify
20  against you.

21           You'd have the right to present your own case and call
22  your own witnesses.  You could use the subpoena power of the
23  court to compel your witnesses to appear.  And also you could
24  testify at your trial.  But if you did not testify or did you
25  not present any evidence, your silence could not be used

1  against you.
2          Do you understand this?
3          THE DEFENDANT:  Yes, ma'am.
4          THE COURT:  Now, if you plead guilty here today,
5  Mr. Jose, you're giving up that right that you have to have a
6  trial -- a jury trial on this charge.
7          Do you understand this?
8          THE DEFENDANT:  Yes, ma'am.
9          THE COURT:  Is that what you want to do?
10         THE DEFENDANT:  Yes, ma'am.
11         THE COURT:  All right.  Now earlier you said that
12 there may be parts of this Plea Agreement you don't understand.
13 And I know there is a lot of legalese in it, and you almost
14 have to be a physics major and a lawyer to understand some of
15 the legalese in these plea agreements.  But it is important
16 that you do know everything that is in here that you've agreed
17 to.
18         Is there anything now that you want to ask me about
19 that's in this Plea Agreement that you feel you still don't
20 understand?
21         THE DEFENDANT:  No, ma'am.
22         THE COURT:  Do you have any other questions about
23 anything we have talked about?
24         THE DEFENDANT:  No, ma'am.
25         THE COURT:  All right then, Mr. Jose, to the lesser

1  included charge of Count 1 of the Indictment, voluntary
2  manslaughter, how do you plead, guilty or not guilty?
3           THE DEFENDANT: Guilty.
4           THE COURT: Now I do have to make sure there are facts
5  that support your guilty plea. Those facts are on
6  page -- pages 6 through 7 of your agreement. I'm going to read
7  them and then I'll ask you if they're true.
8           It says, on or about March 28th, 2018, within the
9  external boundaries of the Gila River Indian Community in the
10 District of Arizona that you killed T.R.G. (sic).
11          Is this true?
12          THE DEFENDANT: Yes, ma'am.
13          THE COURT: It says, while in an argument with T.R.G.
14 caused by adequate provocation you shot T.R.G. in the head.
15          Is this true?
16          THE DEFENDANT: Yes, ma'am.
17          THE COURT: It says, T.R.G. died from injuries caused
18 by the gunshot wound.
19          Is this true?
20          THE DEFENDANT: Yes, ma'am.
21          THE COURT: Also, you were an Indian at the time of
22 the crime. Specifically you had some quantum of Indian blood
23 and were an enrolled member of the Gila River Indian Community,
24 a federally-recognized tribe.
25          Is this true as well?

1         THE DEFENDANT:  Yes, ma'am.

2         THE COURT:  All right.  Mr. Jose, I do find that your
3  guilty plea comports with the requirements of Rule 11.  I'll
4  recommend that it be accepted.

5         And you will be back for sentencing on Monday,
6  December 17, Monday, December 17th.  That will be at 2:00 p.m.
7  before Judge Wake.

8         Also, it's further ordered that any motions for
9  upward or downward departures or any sentencing memorandum must
10 be filed at least seven business days prior to sentencing.
11 Responses are due within three days.

12        Any motion to continue sentencing must be filed
13 promptly upon discovery of the cause for continuance, and
14 must state the cause with specificity.  Motions to continue
15 sentencing less than 14 days before sentencing are
16 disfavored.

17        And if either party intends to call a speaker at
18 sentencing other than the defendant, counsel must notify the
19 courtroom deputy at least three business days in advance.

20        This is a new rule that's recently been adopted by the
21 court.  I'm reading it now, but it is -- it will be in the
22 court's change of plea findings in the future.  And once people
23 get used to it I won't be reading it anymore.  But just so you
24 know.

25        All right.  Anything further in this matter?

1       MR. CAIN:  No, Your Honor.

2       MS. LOGAN:  No, Your Honor.

3       THE COURT:  All right.  Thank you.

4

5                         -oOo-

C E R T I F I C A T E

I, CANDY L. POTTER, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

DATED at Phoenix, Arizona, this 9th day of January, 2019.

s/Candy L. Potter
Candy L. Potter